The next case on the call of the docket is agenda number four. Case number 131745, People v. Wade. Is the attorney for the appellants ready to proceed? Yes, sir. Please proceed, counsel. Good morning, your honors, counsel. May it please the court. My name is Brooke Winterhalter. I'm from the Office of the State Appellate Defender, and I represent Patrick Wade, the appellant in this case. Your honors, this case is coming to oral argument in an incredibly unique position. There is no dispute. The parties agree on the legal error and on the appropriate remedy. As the state concedes, because there was only a single kidnapping in this case, Patrick Wade can have only one aggravated kidnapping conviction. His second violates the unit of prosecution for the offense. As a result, we are here to ask this court to reverse the decisions below and remand his case to the circuit court with directions that it may take the less serious of his two aggravated kidnapping convictions. I'm going to focus on the unit of prosecution for the offense, because that is the threshold issue to the one actual crime issue that's also in our briefs, and because here, that is dispositive. Counsel, like I asked counsel in the case before, would you give the students a little background, a little overview, so that they're with us in this argument? Yes, your honor. Thank you. This case, in the trial court, Mr. Wade had a jury trial, and he was convicted of two acts of criminal sexual assault and of aggravated criminal sexual assault and two counts of aggravated kidnapping. The two counts of aggravated kidnapping were charged based on one kidnapping, and they were aggravated by the underlying criminal sexual assault, two, as we call them, predicate felonies. Those were the only difference between the two aggravated kidnapping charges. And so convictions were entered, sentences were entered on all four charges and all four counts, and on appeal, Mr. Wade challenged the second aggravated kidnapping conviction. But just for clarity, there was just one person kidnapped. Is that correct? Yes, one person kidnapped one time. One time. Yes. And below, he challenged the second conviction. It was affirmed. Both convictions were affirmed on appeal, and when it came to this court, we appealed under the one act, one crime doctrine, but a threshold issue beginning there is, what is the unit of prosecution for aggravated kidnapping? It's a question of statutory interpretation that this court looks at with fresh eyes, de novo. And it looks to the plain language, given its plain and ordinary meaning. And here, aggravated kidnapping is committed. A person commits the offense of aggravated kidnapping when he or she commits kidnapping and a list of eight enumerated aggravating factors are present. That plain language, the use of and, is ordinarily conjunctive. It requires two different things. One of those things is a kidnapping. So plain language allows one conviction per kidnapping. And also the design of the statute. So as this court explained in Hartfield and Keyes, in the unit of prosecution context, we look at what should the legislature create this statute to prohibit. And here, it's created to prohibit kidnapping and then increase the penalty based on the presence of aggravating factors. This court addressed a similar statute in Lavalier when it was looking at the aggravated DUI statute. Kidnapping and DUI, a tribune under the influence, are ongoing crimes. And so they begin when someone kidnaps and ends when the person is released. DUI begins when someone starts driving and ends when that driving ends. In Lavalier, this court said, because there's only one act of DUI, no matter how many aggravating factors are present, there can be only one aggravated DUI conviction. The same is true with respect to aggravated kidnapping. When there's only one kidnapping of one victim, there can be only one aggravated kidnapping conviction. Because the plain language of the statute and its design clearly show the unit of prosecution requires an individual kidnapping. And because here, there's only one kidnapping of only one person, the second violates the unit of prosecution for the offense. And we ask this court to reverse both decisions below and remain with instructions that the lower court vacate one of the less serious of Mr. Wake's two aggravated kidnapping convictions. Thank you, counsel. Counsel. Ms. Snyder. Good morning, your honors. Morning. Counsel and our guests. May it please the court, I'm Assistant Attorney General Lauren Snyder representing the people of the state of Illinois. And as my friend on the other side has noted, this is a very unique posture here that we have to be in agreement with the underlying legal issue and the remedy at this stage of the game. So I do agree with what my colleague has expressed. And as you've read in our briefs, we believe that the unit of prosecution issue, the threshold question, excuse me, to the one act, one crime rule is dispositive here. And we do agree that the unit of prosecution under the aggravated kidnapping statute expresses that aggravated kidnapping is committed one time when there is one victim who is kidnapped and any one of the enumerated aggravating factors are present. And the presence of more than one aggravating factor does not sustain multiple convictions for aggravated kidnapping. And counsel, just for clarity, in this situation because of the aggravated sexual assault, even though there was just one victim, those can be separate acts that could be charged separately, correct? So those convictions or the charges for that are different than the kidnapping. So we're only talking about the actual conviction for kidnapping, correct? Not other charges that were brought? Yes. And there's a difference because those are separate acts that are not seen to be continuing, is that? Just for our students and our guests. Right, so in this situation where the victim was kidnapped, was guided into an alley, then the defendant committed two separate acts of criminal sexual assault against her. And those were charged as aggravated criminal sexual assault because they resulted from the illegal sexual contact and causing bodily harm to the victim. So those were charged as two separate acts of aggravated criminal sexual assault. And then separately, as was charged because the prosecution had to prove each act, excuse me, of criminal sexual assault, there were two charges brought for aggravated kidnapping. One charge brought for kidnapping based on act one of sexual assault, and another kidnapping based on act two of sexual assault. Because in the event that the prosecution had been unable to prove one or the other, then one conviction would still have been sustained for the aggravated kidnapping. So that's why it was charged that way. Thank you, thanks for the explanation. Sure, so what should have happened in this case was that when defendant was convicted of all four charges, the two aggravated kidnapping convictions should have merged at sentencing because the unit of prosecution for aggravated kidnapping is one kidnapping regardless of the number of aggravating factors or circumstances that were present. And as my colleague explained, this is quite consistent with how this court has analyzed similar statutes like the DUI statute or in Pupil v. Scott burglary, which was charged as three different burglaries because the defendant intended to commit three different crimes once inside the dwelling place. When a defendant was convicted of all three burglary charges, those charges had to merge together because what matters there is the entry into the house, not the number of felonies that the defendant intended to convict there. It's similar to in a murder statute, murder might be charged three different ways, but when there's only one death, there can only be one murder conviction. So in this case, we agree that the unit of prosecution analysis is dispositive and that we would agree with defendant that the relevant portion of the appellate court's opinion below be reversed and that this case be remanded to the circuit court for determination of the lesser of the two aggravated kidnapping convictions to be vacated. Thank you, counsel. Any rebuttal since you're in agreement? Expect no further argument. Thank you. Case number 131745, Pupil v. Wade is taken under advisement as agenda number five. Case number 1434, Ms. Winterhalter, Ms. Snyder, the court thanks both of you for your arguments today.